JAMES L. GOODING v. MACK MANUEL TUCKER.

(Filed 24 March, 1965.)

**1. Automobiles §§ 21, 37—**

Where defendant contends that the door of plaintiff's vehicle was defective, causing the door to come open and strike defendant's car, it is competent for an officer to testify from an inspection of plaintiff's car that the latching mechanism of the door was worn so that the door would not stay closed, since such defect would perforce be caused by long use rather than a sudden impact, and the witness was testifying from personal observation.

**2. Evidence § 36—**

The statement of a witness that plaintiff "could not close" the door to his car *held* not incompetent as an expression of opinion by the witness when in context it appears that the statement referred to the condition of the door of which the witness had personal knowledge, and therefore was a "shorthand statement of fact."

**3. Automobiles §§ 21, 37—**

Where there is competent evidence that the door of plaintiff's vehicle was defective so that the latch would not hold it closed, testimony of other witnesses that on prior occasions they had seen plaintiff driving the car with the door open is competent as bearing upon the condition of the car and as corroborating the other testimony.

APPEAL by plaintiff from *Parker, J.,* October 19, 1964, Session of LENOIR.

Action to recover damages for injuries sustained in an automobile collision.

The collision occurred about 9:45 A.M., 25 August 1963, on Adkin Street in the city of Kinston. Plaintiff was driving his automobile southwardly on said street; defendant was driving his automobile northwardly. The vehicles collided near the center of the street and at a

GOODING *v.* TUCKER.

point where the street curves to the left for northbound traffic and to the right for southbound traffic. The left front door of plaintiff's car was damaged, and plaintiff suffered personal injuries. The left front fender of defendant's car was damaged.

Plaintiff's pleadings and evidence furnish this account of the occurrence: Defendant's car veered to plaintiff's side of the street and struck the left front door of plaintiff's car, causing the door to open and plaintiff to fall from the car. Plaintiff's car was a 1951 Chevrolet, he had owned it six years. "There was nothing wrong with the door"; it was closed prior to the impact; plaintiff was not holding it closed with his arm.

Defendant's version: As the cars were meeting on the curve, the left front door of plaintiff's car came open, all the way open, and banged into the left front fender of defendant's car. Plaintiff had his arm on the door; as the car came around the curve the door slipped from under plaintiff's arm and came open. Defendant was on his proper side of the street.

The jury found that the collision was not caused by the negligence of defendant. Judgment was entered accordingly. Plaintiff appeals.

*Turner and Harrison for plaintiff.*
*Ward and Tucker for defendant.*

PER CURIAM. Plaintiff's assignments of error relate to the admission of evidence.

(1) E. A. Brooks, the investigating police officer, testified for defendant as follows (over plaintiff's objection): "I examined the latching mechanism" of the left front door of plaintiff's car. "I found after the accident that the latch on the door would not work. It would come to but I couldn't fasten it." The latch was worn. "As I recall, the striking part of the car door was worn to the extent that, when you closed the door, it would not stay closed."

This testimony is relevant and competent. Defendant's principal defense is that the door was defective, plaintiff was attempting to hold it closed with his arm, and as the car was turning to the right on the curve the door slipped from under plaintiff's arm and swung open. The officer was testifying from his own observation. He found the latching mechanism "worn." This is a condition which is not caused by a sudden impact; it requires comparatively long use; the car was old. The witness was testifying to a condition which, if it existed at all, existed prior to the accident. He found further that the mechanism would not fasten the door. If the fact that the door would not stay closed resulted in whole or in part from any injury to the door caused by the

collision, plaintiff was at liberty to make the explanation. The cases relied on by plaintiff are inapposite.

(2)   Manley Hatcher, an eyewitness to the collision, testified for defendant: "I saw the Gooding (plaintiff's) car before the collision and at that time, the left door was not closed. It was open a few inches; and I continued to observe the car until the impact." The door was not closed before the two cars came together; *"he* (plaintiff) *couldn't close it.* I have known James Gooding a good many years; and I have seen him driving this very car before."

Q.   "When you have seen him drive this car before, how did he drive it; was the left front door open or closed?

A.   "Open."

Plaintiff objected to the italicized portion of the testimony and to the question and answer expressly set out above.

(3)   G. H. Sparrow also testified that he had seen plaintiff on previous occasions driving his car with the left front door open.

We do not agree with the contention of plaintiff that the statement of the witness Hatcher, "he could not close it," is an expression of opinion. When considered with his entire testimony, it appears that he was testifying from his knowledge of the car, which he had seen plaintiff operate many times. It was a "shorthand statement of fact" or "the statement of a physical fact rather than the expression of a theoretical opinion." Stansbury: North Carolina Evidence, 2d Ed., § 125, p. 287.

The testimony of witnesses Hatcher and Sparrow that they had seen plaintiff on occasions prior to the collision driving his car with the left front door open is competent as bearing upon the condition of the car and tends to corroborate the testimony of the police officer and defendant.

No error.